[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant commission held a meeting on March 1, 1995 to consider the items remanded to it by this court on February 3, 1995.
The court has reviewed the transcript of the commission's meeting. The court finds that Gerald Turbet, Town Engineer and William G. Kweder, Planning Consultant, presented three alternatives which addressed the parking issue. The record shows, for instance, that the alternative of double driveways alleviated some concerns and that it would be possible to require a covenant that on-street parking not be allowed. ROR Item 90, p. 13-15.
The commission's expressions of opinion did not, however, rise to the level of sufficient evidence to sustain its burden of proof on the safety implications of the parking issue. General Statutes Sec.8-30g(c). The commission expressed concern that the removal of a "grass area" would cause children to "get hurt in this development" but did not offer any evidentiary basis for its conclusion. ROR Item 90, p. 16. It expressed concern that residents might expect to have the use of more land than was available. However, prospective residents would presumably have the opportunity to view the property and review any documents containing restrictions before CT Page 11838 deciding to occupy the units. Id., p. 18. While the commission identified safety interests, it failed to demonstrate that its decision to deny the application was necessary to protect a substantial public interest in safety. It failed to explore with the applicant the possibility of changes to the parking plan such as those devised by Kweder. The public interest in safety, as expressed by the commission's deliberation in this case does not outweigh the legislature's determination of the need for affordable housing. General Statutes Sec. 8-30g(c)(2) and (3). Finally, the commission failed to demonstrate that the public interest could not be protected by reasonable changes to the development. For instance, it could have made the granting of the application conditional upon the existence of a covenant to prohibit on-street parking.
The concerns voiced by the commission are not sufficient to defeat an affordable housing application brought to further the legislative goal of encouraging and facilitating the development of affordable housing throughout the state. West Hartford InterfaithCoalition, Inc. v. Town Council, 228 Conn. 498, 511, 636 A.2d 1342
(1994). The commission had it within its power to suggest reasonable changes to the proposal but failed to do so. Therefore, the court sustains the applicant's appeal with regard to the parking issue in Reason 6.
The court has reconsidered its concerns with regard to Reason 10, Item 9 in light of the decision in Kaufman v. Zoning Commissionof the City of Danbury, 232 Conn. 122, 145-46, 653 A.2d 798 (1995). In that case the court stated as follows:
 . . . [t]he trial court properly determined that the plaintiff had proved all facts necessary to meet his legal burden of establishing an intent to build affordable housing. In the face of unchallenged representations with regard to the plaintiff's intention, the statute does not require specific additional evidence that the dwelling units "will be conveyed by deeds containing covenants and restrictions . . . ." General Statutes sec. 8-30g(a)(1)(B).
The Kaufman court further stated that the plaintiff's zone change application could be granted on the condition that the new zone be used only for affordable housing. Kaufman v. ZoningCommission of the City of Danbury, supra, 147.
Rinaldi has stated, and the court finds, that he intends to build affordable housing. Therefore, the commission can condition its CT Page 11839 approval of the application upon the annual certification by the developer, owner or manager of the affordable housing development that the development continue to comply with the covenants and deed restrictions, or can devise a mechanism whereby non-compliance can be discovered and corrected.
For the foregoing reasons, the court sustains the plaintiff's appeal of the commission's denial of a special use permit.
Leheny, J.